## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No.: |
| v. | ) |
| | ) Violation: 15 U.S.C. § 1 |
| KAVOD PHARMACEUTICALS LLC (F/K/A | ) (conspiracy in restraint of trade) (1 count) |
| RISING PHARMACEUTICALS, LLC, F/K/A | ) |
| RISING PHARMACEUTICALS, INC.), | ) Filed: |
| | ) |
| Defendant. | ) |

## DEFERRED PROSECUTION AGREEMENT

The United States Department of Justice, Antitrust Division ("United States") and Kavod Pharmaceuticals LLC (f/k/a Rising Pharmaceuticals, LLC, f/k/a Rising Pharmaceuticals, Inc.) ("Rising")—a corporation organized and existing under the laws of Delaware, by and through its undersigned representative, pursuant to authority granted by its board of directors and subject to an order authorizing Rising's entry into this agreement by the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") in Rising's chapter 11 bankruptcy cases, Case No. 19-13448 (VFP) (the "Chapter 11 Cases")—enter into this Deferred Prosecution Agreement (the "Agreement"), the terms and conditions of which are as follows:

### Criminal Information and Acceptance of Responsibility

1. Rising acknowledges and agrees that the United States will file the attached one-count criminal Information in the United States District Court for the Eastern District of Pennsylvania. The Information will charge Rising with conspiring to suppress and eliminate competition by allocating customers and fixing and maintaining prices in violation of the Sherman Antitrust Act, 15 U.S.C. § 1. In so doing, Rising:

(a) knowingly waives its right to indictment on these charges, as well as all rights to a speedy trial pursuant to the Sixth Amendment to the United States Constitution, Title 18, United States Code, Section 3161, and Federal Rule of Criminal Procedure 48(b); and

(b) knowingly waives for the purposes of this Agreement and for the purposes of any charges by the United States arising out of the conduct described in the Statement of Facts (attached hereto as Attachment A and incorporated by reference into this Agreement) any objection with respect to venue and consents to the filing of the Information, as provided under the terms of this Agreement, in the United States District Court for the Eastern District of Pennsylvania. The United States agrees to defer prosecution of Rising pursuant to the terms and conditions described below.

2. Rising admits, accepts, and acknowledges that it is responsible under United States law for the acts of its employees, including high-level personnel, as charged in the Information and as set forth in the Statement of Facts and that the allegations in the Information and the facts set forth in the Statement of Facts are true and accurate. Should the United States pursue the prosecution that is deferred by this Agreement, Rising agrees that it will neither contest the admissibility of, nor contradict, any of the facts set forth in the Statement of Facts in any such proceeding, including any guilty plea or sentencing proceeding. Neither this Agreement nor the criminal Information is a final adjudication of the matters addressed in such documents, except as to the restitution and penalty set forth in Paragraphs 9 through 13 below.

## Parties to and Scope of the Agreement

3. Rising is organized under the laws of Delaware and at all relevant times, was headquartered in Saddle Brook, New Jersey. During the time set forth in the Statement of Facts, Rising was incorporated in Delaware. This Agreement binds Rising and the United States Department of Justice, Antitrust Division. It specifically does not bind any other component of

the Department of Justice, other federal agencies, any state, local or foreign law enforcement or regulatory agencies, or any other authorities.

## Length of the Agreement

4. This Agreement is effective for a period beginning on the date on which the Information is filed and ending three (3) years from that date, or the date on which the Bankruptcy Court enters a final decree closing the Chapter 11 Cases of debtors Rising, Kavod Health LLC (f/k/a Rising Health, LLC) ("Rising Health"), Kavris Health LLC (f/k/a Acetris Health, LLC) ("Acetris"), and KAVACK Pharmaceuticals LLC (f/k/a PACK Pharmaceuticals, LLC) ("PACK, and together with Rising, Rising Health, and Acetris, the "Rising Pharma Debtors"), whichever comes first (the "Term of the Agreement"). Rising agrees that in the event that the United States determines, in its sole discretion, that Rising or any corporate affiliate has knowingly violated any provision of this Agreement, an extension or extensions of the Term of the Agreement, subject to the closing of the Chapter 11 Cases of the Rising Pharma Debtors, may be imposed by the United States, in its sole discretion, for up to a total additional time period of one year, without prejudice to the United States' right to proceed as provided in Paragraphs 19–22 below. Any extension of the Term of the Agreement extends all terms of this Agreement for an equivalent period.

5. Notwithstanding any other term set forth herein, this Agreement shall not become effective unless and until it is executed by the parties or their respective representatives and Rising is authorized to enter into this Agreement pursuant to an order of the Bankruptcy Court.

## Relevant Considerations

6. The United States enters into this Agreement based on the individual facts and circumstances of this case. Among the facts considered were the following: (a) Rising provided substantial, timely cooperation with the United States' investigation into price-fixing, bid-rigging, and market-allocation conspiracies among generic drug manufacturers, including disclosing to the

3

United States information regarding criminal antitrust violations involving drugs other than what is described in the Information and the Statement of Facts; (b) Rising's cooperation has included facilitating the interviews of employees; (c) Rising agreed to cooperate in the United States' ongoing investigation into criminal antitrust violations among generic drug manufacturers; (d) Rising's cooperation has allowed the United States to advance its investigation into criminal antitrust conspiracies among other manufacturers of generic pharmaceuticals; (e) Rising has agreed to take remedial actions by providing restitution to the victims of the conduct described in the Information and the Statement of Facts; (f) a conviction (including a guilty plea) would likely result in a substantial delay to the Chapter 11 Cases, a concomitant delay in the liquidation of Rising's remaining assets and disproportionate harm to Rising's creditors and other stakeholders; and (g) this Agreement can ensure that Rising is held accountable for the conduct described in the Information and the Statement of Facts, while preserving the United States' ability to prosecute it should breaches occur.

## Cooperation Obligations

7. Until the earlier of (a) the date upon which all investigations and prosecutions, whether of former employees of Rising or other individuals or entities, arising out of the conduct described in this Agreement are concluded, or (b) the expiration of the Term of the Agreement, Rising shall cooperate fully and truthfully with the United States in the current federal investigation of violations of federal antitrust and related criminal laws involving the production or sale in the United States of Benazepril HCTZ or other generic drugs, and any litigation or other proceedings arising or resulting from such investigation to which the United States is a party (collectively "Federal Proceeding"). Federal Proceeding includes, but is not limited to, an investigation, prosecution, litigation, or other proceeding regarding obstruction of, the making of a false statement or declaration in, the commission of perjury or subornation of perjury in, the

commission of contempt in, or conspiracy to commit such offenses in, a Federal Proceeding. The full, truthful, and continuing cooperation of Rising will include but not be limited to producing to the United States all documents, information, and other materials, wherever located, not protected under the attorney-client privilege or the work-product doctrine, and with translations into English, in the possession, custody, or control of Rising, that are requested by the United States in connection with any Federal Proceeding. The plan administrator or other distribution agent (the "Plan Administrator") appointed pursuant to the Second Modified Joint Plan of Liquidation of Aceto Corporation and its Affiliated Debtors (as may be amended or modified, the "Chapter 11 Plan") will preserve all documents consistent with the terms of the Chapter 11 Plan, including those responsive to a pending subpoena of the Department of Justice, Antitrust Division.

8. In addition to the obligation described above, during the Term of the Agreement, should Rising learn of credible evidence or allegations of criminal violations of United States law by Rising or its subsidiaries or corporate affiliates, or by any former officers, directors, employees, or agents, Rising shall promptly report such evidence or allegations to the United States. Any information that Rising thus discloses to the United States will likely include proprietary, financial, confidential, and competitive business information. Public disclosure of the information and reports could discourage cooperation, impede pending or potential government investigations, and thus undermine the United States' objectives in obtaining such reports. For these reasons, among others, the information and reports and the contents thereof are intended to remain and shall remain nonpublic, except as otherwise agreed to by the parties in writing, or except to the extent that the United States determines in its sole discretion that disclosure would be in furtherance of its discharge of its duties and responsibilities or is otherwise required by law.

## Restitution and Penalty

9. The United States and Rising agree that $1,543,207 is the appropriate measure of restitution Rising owes to victims of this offense. The United States agrees to offset the restitution under this Agreement by $1,105,141, in light of the availability of civil causes of action and Rising's separate agreement to provide an allowed Class 3B General Unsecured Claim under the Chapter 11 Plan in the amount of $1,105,141 to resolve related False Claims Act claims by the U.S. Department of Justice, Civil Division. The United States and Rising agree that Rising's resulting restitution obligation under this Agreement is $438,066, which shall be allowed as a Class 3B General Unsecured Claim under the Chapter 11 Plan (the "Allowed Restitution Claim"). The United States will receive proportionately the same pro rata payments or distributions (including with respect to the timing and type of payments or distributions) in respect of the Allowed Restitution Claim as is received by other holders of allowed Class 3B General Unsecured Claims under the Chapter 11 Plan. In light of the circumstances, including Rising's pending liquidation, the parties agree that this treatment is appropriate. The Rising Pharma Debtors, the Liquidating Debtors (as defined in the Chapter 11 Plan), and/or the Plan Administrator, as applicable, further agree to exercise reasonable best efforts to disburse any distributions in connection with the Allowed Restitution Claim to direct purchasers in proportion to their purchases from Rising, with notice and proof of payment to the U.S. Attorney's Office Financial Litigation Unit. The United States agrees to cooperate with the Rising Pharma Debtors, the Liquidating Debtors, and/or the Plan Administrator, as applicable, in connection with these efforts. Any distributions on the Allowed Restitution Claim are final and shall not be refunded.

10. The United States and Rising agree that in addition to the Allowed Restitution Claim set forth in Paragraph 9, Rising will also be subject to a monetary penalty in the amount of $1,500,000 to the United States Treasury, which shall be allowed under the Chapter 11 Plan as a

Class 4B Subordinated Claim against the Rising Pharma Debtors (the "Allowed Penalty Claim"). The United States Treasury will receive proportionately the same pro rata payments or distributions (including with respect to the timing and type of payments or distributions) in respect of the Allowed Penalty Claim as is received by other holders of allowed Class 4B Subordinated Claims against the Rising Pharma Debtors. The United States acknowledges that, pursuant to the terms of the Chapter 11 Plan, any payment on the Allowed Penalty Claim will be subordinate to the payment of Class 3B General Unsecured Claims, including the Allowed Restitution Claim set forth in Paragraph 9. The United States and Rising agree that the treatment of the Allowed Penalty Claim set forth herein is appropriate given the facts and circumstances of this case, including Rising's cooperation, internal investigation, and remediation in this matter. Any distributions on the Allowed Penalty Claim are final and shall not be refunded.

11. The United States and Rising agree that under the applicable United States Sentencing Guidelines fine range for the charged offense, the monetary penalty would be $3,611,105, which exceeds the Allowed Penalty Claim set out in Paragraph 10 above. The United States and Rising further agree that the Allowed Penalty Claim is appropriate given the facts and circumstances of this case, including Rising's cooperation and remediation in this matter and due to Rising's financial condition and liquidation in the context of the Chapter 11 Cases.

12. For the avoidance of doubt, both the Rising Pharma Debtors' obligations to pay the Allowed Restitution Claim and the Allowed Penalty Claim, and the Plan Administrator's obligations to make distributions in connection with the Allowed Restitution Claim and the Allowed Penalty Claim, shall be consistent with, and pursuant to, the terms of the confirmed Chapter 11 Plan.

13. Furthermore, nothing in this Agreement shall be deemed an agreement by the United States that $1,500,000 is the maximum penalty that may be imposed in any future prosecution in the event of a breach of this Agreement, and the United States is not precluded from arguing in any future prosecution that the Court should impose a higher fine, although the United States agrees that under those circumstances, it will recommend to the Court that any amount paid under this Agreement should be offset against any fine the Court imposes as part of a future judgment. Rising acknowledges that no tax deduction may be sought, and agrees that no tax deduction will be sought, in the United States or elsewhere in connection with the payment of any part of this penalty.

14. The United States and Rising agree that this Agreement and the treatment of the Allowed Restitution Claim and the Allowed Penalty Claim set forth in Paragraphs 9-13 herein shall be subject to the approval of the Bankruptcy Court and such Court's order authorizing Rising's entry into this Agreement. Rising is simultaneously entering into a separate agreement with the United States Department of Justice, Civil Division consistent with paragraph 9 above, which will also be subject to approval by the Bankruptcy Court. The United States and Rising further agree that, in the event that the Bankruptcy Court declines to authorize such payments or Rising's entry into this Agreement, the United States may void this agreement in its entirety.

Conditional Release from Liability

15. In return for the full and truthful cooperation of Rising, and compliance with the other terms and conditions of this Agreement:

(a) The United States agrees that, except as provided by this Agreement, it will not bring criminal charges against Rising for any act or offense committed before the date of signature of this Agreement, in furtherance of an antitrust conspiracy involving the production or sale in the United States of Benazepril HCTZ.

(b) Failure by Rising to comply fully with its cooperation obligations under Paragraphs 7–8 will void the United States' agreement in Paragraph 15(a), and Rising may be prosecuted criminally for any federal crime of which the United States has knowledge.

(c) The United States' agreement in Paragraph 15(a) does not apply to subornation of perjury (18 U.S.C. § 1622), false statements (18 U.S.C. § 1001), obstruction of justice (18 U.S.C. § 1503 *et seq.*), contempt (18 U.S.C. §§ 401–402), or conspiracy to commit such offenses. Its agreement in Paragraph 15(a) also does not apply to civil matters of any kind, any civil or criminal violation of the federal tax or securities laws or conspiracy to commit such offenses, or any crimes of violence.

Related Administrative Proceedings

16. Rising understands that it may be subject to additional action by state or federal agencies other than the United States Department of Justice, Antitrust Division based upon this Agreement, and that this Agreement in no way controls what action, if any, other agencies may take. However, the United States agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such action of the fact, manner, the extent of Rising's cooperation as a matter for that agency to consider before determining what action, if any, to take.

Deferred Prosecution

17. In consideration of: (a) the past and future cooperation of Rising described in Paragraphs 7–8; and (b) the Allowed Restitution Claim and the Allowed Penalty Claim set forth in Paragraphs 9-13; the United States agrees that any prosecution of Rising for the conduct set forth in the attached Statement of Facts be and hereby is deferred for the Term of the Agreement.

18. The United States further agrees that if Rising fully complies with all obligations under this Agreement, the United States will not continue the criminal prosecution of Rising described in Paragraph 1 and, at the conclusion of the Term of the Agreement, this Agreement

shall expire. Within thirty (30) days of the Agreement's expiration, the United States shall seek dismissal with prejudice of the criminal Information described in Paragraph 1.

### Breach

19. If, during the Term of the Agreement, the United States determines, in its sole discretion, that Rising (a) committed any felony under United States federal law subsequent to the signing of this Agreement, (b) at any time provided to the United States in connection with this Agreement deliberately false, incomplete, or misleading information, (c) fails to cooperate as set forth in Paragraphs 7-8 of this Agreement, or (d) otherwise breached the Agreement, Rising shall thereafter be subject to prosecution for any federal criminal violation of which the United States has knowledge, including the charges in the Information described in Paragraph 1, which may be pursued by the United States in the United States District Court for the Eastern District of Pennsylvania or any other appropriate venue. Any such prosecution may be premised on information provided by Rising, or its current or former officers, directors, employees, or agents. Any such prosecution that is not time barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against Rising notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the expiration of the Term of the Agreement plus one year. Thus, by signing this Agreement, Rising agrees that the statute of limitations with respect to any such prosecution that is not time barred on the date of the signing of this Agreement shall be tolled for the Term of the Agreement plus one year.

20. In the event that the United States determines that Rising has breached this Agreement, the United States agrees to provide Rising with written notice of such breach prior to instituting any prosecution resulting from such breach. Rising shall, within thirty (30) days of receipt of such notice, have the opportunity to respond to the United States in writing to explain the nature and circumstances of such breach, as well as the actions Rising has taken to address and

remediate the situation, which explanation the United States shall consider in determining whether to institute a prosecution.

21. In the event that the United States determines that Rising has breached this Agreement: (a) all statements made by or on behalf of Rising to the United States or to the Court, including the attached Statement of Facts, and any testimony given by Rising before a grand jury, a court, or any tribunal, or at any legislative hearings, whether prior or subsequent to this Agreement, and any leads derived from such statements or testimony, shall be admissible in evidence in any and all criminal proceedings brought by the United States against Rising; and (b) Rising shall not assert any claim under the United States Constitution, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal law or rule that statements made by or on behalf of Rising prior or subsequent to this Agreement, or any leads derived therefrom, should be suppressed. The decision whether the conduct or statements of any current director or employee, or any person acting on behalf of, or at the direction of, Rising will be imputed to Rising for the purpose of determining whether Rising has breached any provision of this Agreement shall be in the sole discretion of the United States.

22. Rising acknowledges that the United States has made no representations, assurances, or promises concerning what sentence may be imposed by the Court if Rising breaches this Agreement and this matter proceeds to judgment. Rising further acknowledges that any such sentence is solely within the discretion of the Court and that nothing in this Agreement binds or restricts the Court in the exercise of such discretion.

23. On the date that the period of deferred prosecution specified in this Agreement expires, Rising, by the Plan Administrator, will certify to the United States that Rising has met its disclosure obligations pursuant to this Agreement. Each certification will be deemed a material

statement and representation by Rising to the executive branch of the United States for purposes of 18 U.S.C. §§ 1001 and 1519, and it will be deemed to have been made in the judicial district in which this Agreement is filed.

## Public Statements by Rising

24. Rising expressly agrees that it shall not, through present or future attorneys, officers, directors, employees, agents or any other person authorized to speak for Rising or its subsidiaries or affiliates, make any public statement, in litigation or otherwise, contradicting the acceptance of responsibility by Rising set forth above or any of the facts set forth in the Statement of Facts. Any such contradictory statement shall, subject to cure rights of Rising described below, constitute a breach of this Agreement and Rising thereafter shall be subject to prosecution as set forth in this Agreement. The decision whether any public statement by any such person contradicting a fact contained in the Statement of Facts will be imputed to Rising for the purpose of determining whether it has breached this Agreement shall be at the sole discretion of the United States. If the United States determines that a public statement by any such person contradicts in whole or in part any fact(s) set forth in the Statement of Facts, the United States shall so notify Rising, and Rising may avoid a breach of this Agreement by publicly repudiating such statement(s) within five (5) business days after notification. Rising shall be permitted to raise defenses and to assert affirmative claims in other proceedings relating to the matters set forth in the Statement of Facts provided that such defenses and claims do not contradict, in whole or in part, any fact(s) set forth in the Statement of Facts. This paragraph does not apply to any statement made by any former officer, director, employee, or agent of Rising in the course of any criminal, regulatory, or civil case initiated against such individual, unless such individual is speaking on behalf of Rising.

25. Rising agrees that if it or any of its direct or indirect subsidiaries, or its affiliates issues a press release or holds any press conference in connection with this Agreement, Rising

12

shall first consult the United States to determine (a) whether the text of the release or proposed statements at the press conference are true and accurate with respect to matters between the United States and Rising; and (b) whether the United States has no objection to the release. Statements at any press conference concerning this matter shall be consistent with such a press release.

## Notice

26. Any notice to the United States under this Agreement shall be given by personal delivery, overnight delivery by a recognized delivery service, or registered or certified mail, addressed to Ryan Danks, 450 5th Street NW, Suite 11300, Washington, D.C. 20530. Any notice to Rising under this Agreement shall be given by personal delivery, overnight delivery by a recognized delivery service, or registered or certified mail, addressed to the Plan Administrator and to Rising's counsel, Lowenstein Sandler LLP, One Lowenstein Drive, Roseland, New Jersey 07068, Attention: Michael Himmel and Michael S. Etkin. Notice shall be effective upon actual receipt by the United States or Rising, as applicable.

## Complete Agreement

27. This Agreement and its attachments set forth all the terms of this Deferred Prosecution Agreement between Rising and the United States. No amendments, modifications or additions to this Agreement shall be valid unless they are in writing and signed by the United States, the attorneys for Rising, and a duly authorized representative of Rising.

DATED: 12/13/19

Respectfully submitted,

BY: _____
Steven S. Rogers
Chief Legal Officer and Secretary
Rising Pharmaceuticals, Inc.

BY: _____
Ryan Danks
Chief
Washington Criminal I Section

BY: _____
Michael Himmel
Counsel for Rising Pharmaceuticals, Inc.

BY: _____
Matthew Tannenbaum
John Elias
Danielle Garten
Trial Attorneys
Washington Criminal I Section
450 5th St. NW, Suite 11300
Washington, D.C. 20530
(202) 307-6373

BY: _____
William M. McSwain
United States Attorney
Eastern District of Pennsylvania

14